# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.

        **MEMORANDUM OF LAW & ORDER**
        Criminal File No. 09-134 (MJD/JJG)
        Civil File No. 11-2710 (MJD)

(2) KARINA SANCHEZ-GONZALEZ,

        Defendant/Petitioner.

James E. Lackner, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Karina Sanchez-Gonzalez, pro se.

## I.       INTRODUCTION

This matter is before the Court on Petitioner Karina Sanchez-Gonzalez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Docket No. 136]

## II.      BACKGROUND

On May 19, 2009, Karina Sanchez-Gonzalez was indicted for Conspiracy to Distribute Methamphetamine, Count 1, and Aiding and Abetting Possession

1

with Intent to Distribute Methamphetamine, Count 6.  [Docket No. 8]  Although

Petitioner gave a proffer to the Government and entered into a plea agreement,

she then retained new trial counsel, Shana Buchanan, and withdrew from the

plea agreement, before a plea hearing occurred.  Before trial, the Government

placed the terms of the rejected plea agreement on the record.  (Sept. 1, 2009 Tr.

13-17.)  Sanchez-Gonzalez stated that she understood the plea agreement and

potential sentence and that she wished to proceed to trial.  (Id. 17.)

On September 3, 2009, a jury returned a verdict of guilty against Sanchez-

Gonzalez as to Count 1, Conspiracy to Distribute 50 Grams or More of

Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)

and 846; and Count 6, Aiding and Abetting Possession with Intent to Distribute

50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.

On January 6, 2010, the Court sentenced Sanchez-Gonzalez to 120 months

in prison, the statutory mandatory minimum.  The Court denied Sanchez-

Gonzalez's request to apply the safety valve to eliminate the statutory mandatory

minimum and reduce her base offense level.  The Court held that she had failed

to meet the fifth prong of the safety valve test because she had failed to

"truthfully provide[] to the Government all information and evidence the

defendant has concerning the offense or offenses that were part of the same

course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).

Petitioner appealed both her conviction and her sentence to the Eighth

Circuit Court of Appeals.  Among the bases for her appeal were her assertions

that the Court erred in its instruction to the jury regarding duress and coercion

and in refusing to apply safety valve to her at sentencing.  The Eighth Circuit

affirmed the conviction and sentencing.  United States v. Sanchez-Gonzalez, 643

F.3d 626 (8th Cir. 2011).

## III.    DISCUSSION

Defendant raises four grounds for her motion.  First, she claims that her

counsel was ineffective because she did not file a timely appellate brief.  Second,

she claims that her counsel was ineffective because she made a motion to

consolidate Defendant's appeal with the appeal of her co-Defendant, Manuel

Bustos Moreno, although Bustos Moreno had not filed an appeal.  Third,

Defendant claims that this Court erred in instructing the jury on the law of

duress and coercion.  Fourth, she claims that this Court improperly applied the

Guidelines at sentencing because she met the criteria for safety valve.

3

**A.       Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws of
> the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate,
> set aside or correct the sentence.

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of
> constitutional rights and for a narrow range of injuries that could
> not have been raised on direct appeal and, if uncorrected, would
> result in a complete miscarriage of justice.  A movant may not raise
> constitutional issues for the first time on collateral review without
> establishing both cause for the procedural default and actual
> prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually

innocent.  Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion,

"[u]nless the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's
> allegations, accepted as true, would not entitle the petitioner to
> relief, or (2) the allegations cannot be accepted as true because they

are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

## B.   Ineffective Assistance of Counsel

In order to gain relief for ineffective assistance of counsel, Petitioner must establish both that her counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  The burden is on Petitioner to establish a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005) (quoting Strickland, 466 U.S. at 687).   The Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076.

### 1.      Timeliness of Appellate Brief

Petitioner asserts that her appellate counsel failed to timely file her appeal brief.  Sanchez-Gonzalez's appeal was docketed on January 26, 2010.  Her first appellate counsel, Buchanan, repeatedly requested extensions of time to file the appellate brief.  The Court of Appeals issued multiple Orders to Show Cause why the case should not be dismissed for failure to prosecute, because Buchanan had not filed the appellate brief by the deadline.  However, eventually, the Court of Appeals granted an extension until September 10, 2010, for Petitioner to file her appellate brief.

On September 8, 2010, Sanchez-Gonzalez filed a motion for new appellate counsel.  On September 22, 2010, the Court of Appeals appointed new counsel for Sanchez-Gonzalez, Paul B. Ahern.  A revised briefing schedule was issued on September 28, 2010, ordering that Sanchez-Gonzalez's appellate brief be filed by November 22, 2010.  Ahern filed Sanchez-Gonzalez's appellate brief on November 22, 2010.  Petitioner cannot show any prejudice based Buchanan's failure to file a timely appellate brief because Ahern did file a timely appellate brief on Sanchez-Gonzalez's behalf.

### 2.    Motion to Consolidate Appeal

Petitioner asserts that she received ineffective assistance of counsel because Buchanan moved to have Sanchez-Gonzalez's appeal consolidated with the appeal of her co-Defendant Bustos Moreno.  The Eighth Circuit Court of Appeals denied the motion to consolidate because Bustos Moreno did not have an appeal pending.  Petitioner cannot show that she was prejudiced by her counsel's action.  Eventually, the Eighth Circuit Court of Appeals appointed new appellate counsel for Sanchez-Gonzalez, Ahern, and Ahern filed a timely appellate brief on Sanchez-Gonzalez's behalf.

### 3.    Allegations in Petitioner's Reply

In her Reply, Sanchez-Gonzalez states: "Defendant-Petitioner Sanchez-Gonzalez did not want to go to trial.  Defense counsel never admitted any witnesses to testify in her defense."  (Reply at 2.)  The September 1, 2009 Transcript demonstrates that Sanchez-Gonzalez professed a clear desire to reject the offered plea agreement and proceed to trial.  The Petitioner does not suggest what witnesses counsel should have called to testify in her defense.  These vague and conclusory allegations, which do not appear in Petitioner's § 2255 Petition, are insufficient to entitle Petitioner to an evidentiary hearing.  See Engelen, 68

F.3d at 240.  Petitioner is not entitled to relief based on the allegations raised in her Reply.

**C.    Issues Raised on Direct Appeal**

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."  United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).  An exception exists "only when petitioners have produced convincing new evidence of actual innocence."  Id. This exception is "rare, and available only in the extraordinary case."  Id. (citations omitted).

**1.    Jury Instruction on Duress**

Sanchez-Gonzalez asserts that the Court improperly instructed the jury on the law of duress and coercion.  Petitioner already raised this issue on direct appeal.  The Eighth Circuit Court of Appeals held that the Court's instructions were correct:

> Sanchez–Gonzalez also requests a reversal in the "unlikely event" that the district court erred in instructing the jury that she, as the defendant, bore the burden of proof for the defense of duress. The Supreme Court has held that unless Congress states otherwise, the defendant bears the burden of proof for the defense of duress.  See Dixon v. United States, 548 U.S. 1, 17, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006).  Not unexpectedly, we decline the invitation to contradict the Supreme Court.

Sanchez-Gonzalez, 643 F.3d at 628 n.2.  Sanchez-Gonzalez offers no evidence that

the actual innocence exception applies.  Therefore, because Petitioner's argument

based on the duress and coercion jury instruction was raised and decided on

appeal, it is foreclosed.

### 2.    Application of Safety Valve

Sanchez-Gonzalez asserts that she was safety-valve eligible, but this Court

improperly refused to apply safety valve relief.  Petitioner raised this issue on

direct appeal to the Eighth Circuit.  The Eighth Circuit held: "Based on Sanchez-

Gonzalez's statements prior to and during trial, we find the district court did not

commit clear error in denying safety-valve relief."  Sanchez-Gonzalez, 643 F.3d at

630.  Sanchez-Gonzalez offers no evidence that the actual innocence exception

applies.  Therefore, because this issue was raised and decided on appeal,

Petitioner's argument based on the application of safety valve is foreclosed.

## IV.    CERTIFICATION OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no

"jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right;" nor would "jurists of reason . . . find

it debatable whether the district court was correct in its procedural ruling."  Slack

9

v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id. Therefore, the

Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.   Petitioner Karina Sanchez-Gonzalez's Motion under 28 U.S.C.
     § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in
     Federal Custody [Docket No. 136] is **DENIED**.

2.   The Court denies a Certificate of Appealability is this case.

     **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   February 14, 2012          s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court