UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                        **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 09-134 (MJD/JJG)

(2) KARINA SANCHEZ-GONZALEZ,

      Defendant/Petitioner.

James E. Lackner, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Karina Sanchez-Gonzalez, <u>pro se</u>.

## I.    INTRODUCTION

This matter is before the Court on Petitioner Karina Sanchez-Gonzalez's Pro Se Motion to Vacate under 28 U.S.C. § 2255. [Docket No. 163]

## II.    BACKGROUND

On May 19, 2009, Karina Sanchez-Gonzalez was indicted for Conspiracy to Distribute Methamphetamine, Count 1, and Aiding and Abetting Possession with Intent to Distribute Methamphetamine, Count 6. [Docket No. 8] On September 3, 2009, a jury returned a verdict of guilty against Sanchez-Gonzalez

as to Count 1, Conspiracy to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and Count 6, Aiding and Abetting Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.

On January 6, 2010, the Court sentenced Sanchez-Gonzalez to 120 months in prison, the statutory mandatory minimum.

Petitioner appealed both her conviction and her sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed the conviction and sentencing. United States v. Sanchez-Gonzalez, 643 F.3d 626 (8th Cir. 2011).

In September 2011, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 136] On February 14, 2012, the Court denied Petitioner's § 2255 habeas petition and denied the certificate of appealability. [Docket No. 143] Petitioner appealed and, on July 2, 2012, the Eighth Circuit Court of Appeals denied the certificate of appealability and the appeal was dismissed. [Docket No. 151]

On January 7, 2013, Petitioner has filed a Pro Se Motion to Reopen Judgment Pursuant to Rule 60(b). [Docket No. 154] Based on the content of the

motion, the Court determined that the Rule 60(b) motion was, in fact, a second habeas motion. Because it has not been certified by the Eighth Circuit Court of Appeals, the Court was required to dismiss it. [Docket No. 156]

Petitioner has now filed a third habeas motion under 28 U.S.C. § 2255. She bases the current motion on her allegation that the Court should apply a role reduction for minor or minimal role under U.S.S.G. App. C, Amendment 794. The Court notes that, at sentencing, Defendant did receive a two-level reduction for minor role. However, due to the application of the statutory mandatory minimum, the mandatory minimum sentence was 120 months.

## III.   DISCUSSION

### A.   Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### B.     Successive Habeas Petitions

Section 2255(h) provides that a petitioner must obtain certification from the appropriate court of appeals before filing a second or successive motion. This is Petitioner's third § 2255 petition to this Court. Thus, Petitioner must obtain authorization from the Eighth Circuit prior to filing the instant § 2255 motion with this Court. 28 U.S.C. § 2255(h). Petitioner has not received such authorization. Accordingly, the instant motion must be dismissed for lack of jurisdiction. See, e.g., Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

## IV.    CERTIFICATION OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Karina Sanchez-Gonzalez's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 163] is **DENIED** for lack of jurisdiction.

2. The Court denies a Certificate of Appealability is this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   December 13, 2016          s/ Michael J. Davis
                                    Michael J. Davis
                                    United States District Court